EDITH DOUGLASS, APPELLEE, v. MARION C. DOUGLASS ET AL.,
APPELLANTS.

164 N. W. 2d 661

Filed February 7, 1969. No. 36999.

Bosley & Bosley, for appellants.

Daniel E. Owens and Russell, Colfer & Frazier, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL, District Judge.

SMITH, J.

A jury found for plaintiff, an automobile guest, on her personal injury claim. Defendants on appeal assign insufficiency of evidence for error.

Plaintiff and five relatives were motoring in fair weather the morning of May 18, 1965, from Haigler to Hayes Center, Nebraska. Plaintiff was sitting in the front seat of a 1957 Ford sedan owned and operated by her daughter-in-law, defendant Florence E. Douglass. Sitting in the back seat were two grandchildren, a daughter-in-law, and Alvin Tidyman, a brother. Three miles east of Trenton, Florence detoured from blacktop to a gravel road northward toward the crest of a hill several miles away. Unacquainted with the road, she maintained a speed of 40 miles per hour toward the crest. The Ford at times weaved slightly, and Alvin inquired whether Florence was having trouble with it. She remarked that it was hard for her to handle. The subject was dropped for lack of concern.

Florence crested the hill at 40 miles an hour. The grade of descent caused acceleration and loss of control. The Ford, careening in the east half of the 22-foot road, laid down three curved skid tracks 88 feet long. At a speed of 55 or 60 miles per hour, estimated by two passengers, it ran off the east side of the road, across a 13-foot ditch, and into a slope. It came to rest upside down 32 feet east of the traveled surface of the road, the nose pointing southeast.

The road from crest to base of the hill, a distance of 1,800 feet, was hard, rough, and steep. The upper half had been scarified in the spring of 1964 with rock, the fragment size being half that of a walnut. The 1,800 feet exhibited corrugations and no heavy layer of gravel.

Falls revealed in a profile were: (a) At station 5+50, 3.6 percent, or 2°; (b) between stations 5+50 and 14+00, 11.4 percent, or 7°; (c) between stations 14+00 and 18+00, 7.8 percent, or 5°; and (d) between stations 0+00 and 18+00, 146 feet, 8.1 percent, or 5°.

Except for reference to gravel, the following testimony of Florence is undisputed: "A. Well, all of a sudden I came to this dropping-off place; it was just steep hill that I hadn't anticipated or knew about. * * * The gravel was more heavy on the hill and the car began—the back seem to want to slide. I tried to compensate for this by turning the wheels the opposite direction, and it kept sliding anyway. * * * about the time we left the road * * * the steering wheel began to spin in my hand and I was pretty sure that my arm was broken then. Q. Did you apply your brakes? A. No. * * * I was afraid to."

Gross negligence under the automobile guest statute signifies "more than ordinary inadvertence or inattention." Prosser, Torts (3d ed. 1964), § 34, p. 187. See, also, Brugh v. Peterson, *ante* p. 190, 159 N. W. 2d 321. The evidence in the present case was insufficient to sustain a finding of gross negligence.

The judgment is reversed and the cause remanded with directions to sustain defendants' motion for judgment notwithstanding the verdict.

REVERSED AND REMANDED WITH DIRECTIONS.